UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFERY FARSHAD** | | **CIVIL NO. 21-0934** |
| | * | |
| v. | | **SECTION: T(2)** |
| | * | |
| **PROGRESSIVE PALOVERDE** | | |
| **INSURANCE COMPANY** | * | |

## ORDER

Before the Court is Plaintiff Jeffrey Farshad's *Motion in Limine on Certain Evidentiary Matters*.[1] The Defendant Progressive Paloverde Insurance Company ("Progressive") filed a response.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Jeffrey Farshad was "rear-ended" in a car accident on October 31, 2018.[3] Due to the accident, Mr. Farshad allegedly "sustained injuries" ranging from "neck, back, [and] leg pain" to "cervical and lumbar injuries."[4] The other driver's liability coverage was insufficient to cover Mr. Farshad's damages, so he filed a claim under the "uninsured/underinsured motorist" policy with his insurer, Progressive Paloverde Insurance Company ("Progressive").[5] After a dispute over damages, Mr. Farshad sued Progressive in Civil District Court for the Parish of Orleans.

---

[1] R. Doc. 29.
[2] R. Doc. 37.
[3] R. Doc. 1-1 at 1-3; R. Doc. 29-1 at 1.
[4] R. Doc. 29-1 at 2.
[5] R. Doc. 1-1. at 1-3.

Progressive subsequently removed the case to this Court.[6] Now, the parties are at odds on several evidentiary matters.

In the present motion *in limine*, Mr. Farshad asks the Court to "prohibit[] references by counsel and all witnesses at trial" on nine separate matters:

> (1) Evidence Of Settlement With Other Parties; (2) Plaintiff's receipt of collateral source benefits including but not limited to plaintiff's private health insurance benefits and the existence or identity of third parties who have paid medical bills on behalf of, or provided financial assistance to plaintiff including his attorneys; (3) Attorney referrals to Mr. Farshad's treating physicians; (4) Timing and circumstances of Mr. Farshad's retention of counsel; (5) Prior or subsequent unrelated ailments, injuries, and/or accidents involving plaintiff and/or claims or lawsuits asserted by plaintiff; (6) Referring to, mentioning, or otherwise introducing evidence of force of impact or "low speed" or "minor damage;" (7) Evidence or argument, regarding plaintiff's failure to call all of his treating physicians; (8) Award not taxable; (9) Reference to Motion in Limine.[7]

Progressive does not contest matters (4), (7), (8), and (9). Accordingly, those will not be addressed. For the remaining five issues, Mr. Farshad relies on the Federal Rules of Evidence and Louisiana case law. First, asserting Rule 408(a), Mr. Farshad argues any "[e]vidence of an insurance settlement or payment to Jeffrey Farshad" from another person's insurance company is inadmissible because it would violate the Rule's prohibition on disproving the validity or amount of a disputed claim.[8] Second, under the "collateral source" rule, any evidence of a "collateral source [paying] a lesser amount" for a medical bill is disallowed.[9] Mr. Farshad asserts that evidence of "any payments received from collateral sources such as [his] private health insurer or

---

[6] *See id.*
[7] R. Doc. 29 at 1-2.
[8] R. Doc. 29-1 at 2-3.
[9] *Id.* at 3-4.

2

[his attorneys] of any sort should not be allowed" under the rule.[10] Third, Mr. Farshad claims any evidence that his attorneys referred him to certain medical professionals should be barred under Louisiana law and attorney client privilege.[11] Fourth, Mr. Farshad claims that any discussion of "injuries to parts of his body that are not being addressed in this case" should be prohibited as irrelevant and unfairly prejudicial under Rules 401 and 403.[12] Finally, Mr. Farshad argues "force of impact" evidence or testimony using terms like "low speed" or "minor damage" should be excluded from trial because no Progressive expert is qualified to do so, and such testimony would be irrelevant and unfairly prejudicial.[13] Additionally, Mr. Farshad argues that Louisiana law assigns "no material importance" to force of impact evidence in cases allegedly like the present "where personal injuries are established by medical [or] lay evidence."[14]

Progressive filed an opposition responding to each argument. First, Progressive asserts Rule 408 does not apply to Mr. Farshad's settlement with other parties because it will not use evidence "of any settlement payments made to prove or disprove the validity or amount of Plaintiff's claim," but instead to assert a corresponding reduction in monies owed.[15] Progressive argues that, under Louisiana law, "a plaintiff's settlement with one solidary obligor reduces his recovery against the remaining obligors by the amount of the released obligor's portion of the debt."[16] Second, Progressive disputes the application of the collateral source rule because, as

---

[10] *Id.* at 6.
[11] *Id.* at 7-8.
[12] *Id.* at 8-9.
[13] *Id.* at 10.
[14] *Id.*
[15] R. Doc. 37 at 1.
[16] *Id.* at 2.

allegedly occurred here, "medical expenses paid by or negotiated down by counsel" are not covered by the rule.[17] Third, Progressive asserts that evidence of Mr. Farshad's counsel referring him to particular physicians is allowed because a referral makes "the physician cross[] the line from a treating physician into the realm of a specially retained expert," an unprotected witness category.[18] Additionally, Progressive argues it should be allowed to explore any potential bias in trial.[19] Fourth, Progressive argues Mr. Farshad's request to bar evidence of his medical history is "premature, speculative, and completely unsupported by law."[20] Additionally, such evidence is highly relevant to the issues at hand, namely Mr. Farshad's "physical condition both before and after the accident."[21] Finally, Progressive insists force of impact testimony should be allowed because Louisiana case law explicitly lists it as "a relevant factor" in determining causation and injuries.[22] Generally, Progressive also asserts that "without the benefit of hearing the testimony, it would be premature for this Court to make a ruling on the admissibility of force of impact" or other evidence.[23]

## LAW & ANALYSIS

The Federal Rules of Evidence govern the admissibility of evidence in the courtroom. Under Rule 401, "evidence which is not relevant is not admissible."[24] Relevant evidence is information with "any tendency to make the existence of any fact that is of consequence to the

---

[17] *Id.* at 3.
[18] *Id.* at 5.
[19] *Id.*
[20] *Id.* at 7.
[21] *Id.*
[22] *Id.* at 8.
[23] *Id.*
[24] Fed. R. Evid. 401, 402.

determination of the action more probable or less probable than it would be without the evidence."[25] However, under Rule 403, relevant evidence may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[26] Beyond the general prohibitions of Rule 401 and 403, the Federal Rules of Evidence also proscribe specific types of evidence. For example, Rule 408 bars the use of "conduct or a statement made during" settlement negotiations "to prove or disprove the validity or amount of a disputed claim."[27]

After reviewing the parties' filings and the applicable law, the Court finds that ruling on the five contested evidentiary matters is not warranted at this time. Beyond general speculation concerns, each of Mr. Farshad's five requests requires a fact-specific review best performed in the courtroom with the benefit of greater context.[28] The Court will reserve ruling on these matters and Mr. Farshad may re-raise his concerns at the appropriate time in trial. However, the Court will exclude testimony or evidence regarding the four uncontested issues at this time. Accordingly, the motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[25] Fed. R. Evid. 401.
[26] Fed. R. Evid. 403.
[27] Fed. R. Evid. 408.
[28] For example, it is not yet clear whether Progressive will use evidence of Mr. Farshad's prior insurance settlement to dispute the "validity or amount" of Mr. Farshad's claims or use it for another reason. Further, the context in which the collateral source rule will be asserted must be reviewed during its actual assertion.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the *Motion in Limine on Certain Evidentiary Matters* is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that no evidence be proffered regarding the timing and circumstances of the Plaintiff's retention of counsel.

**IT IS FURTHER ORDERED** that no evidence be proffered regarding the Plaintiff's failure to call his treating physicians.

**IT IS FURTHER ORDERED** that no evidence be proffered regarding the non-taxability of any recovery.

**IT IS FURTHER ORDERED** that no party refer to any motion *in limine* filed before this Court.

New Orleans, Louisiana, this __22nd__ day of February, 2022.

                                            Hon. Greg Gerard Guidry
                                            United States District Judge