## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFERY FARSHAD** | | **CIVIL NO. 21-0934** |
| | * | |
| **v.** | | **SECTION: T(2)** |
| | * | |
| **PROGRESSIVE PALOVERDE** | | |
| **INSURANCE COMPANY** | * | |

### ORDER

Before the Court is Plaintiff Jeffrey Farshad's *Motion in Limine on to Exclude Surveillance Videos of Jeffrey Farshad*.[1] The Defendant Progressive Paloverde Insurance Company ("Progressive") filed a response.[2] For the following reasons, the motion is **DENIED**.

### BACKGROUND

Jeffrey Farshad was "rear-ended" in a car accident on October 31, 2018.[3] Due to the accident, Mr. Farshad allegedly "sustained injuries" ranging from "neck, back, [and] leg pain" to "cervical and lumbar injuries."[4] The other driver's liability coverage was insufficient to cover Mr. Farshad's damages, so he filed a claim under the "uninsured/underinsured motorist" policy with his insurer, Progressive Paloverde Insurance Company ("Progressive").[5] After a dispute over damages, Mr. Farshad sued Progressive in Civil District Court for the Parish of Orleans.

---

[1] R. Doc. 30.
[2] R. Doc. 40.
[3] R. Doc. 1-1 at 1-3; R. Doc. 30-1 at 1.
[4] R. Doc. 30-1 at 2.
[5] R. Doc. 1-1. at 1-3.

Progressive subsequently removed the case to this Court.[6] Now, the parties are at odds on several evidentiary matters.

In the present motion *in limine*, Mr. Farshad asks this Court to "prohibit[] references by counsel and all witnesses at trial [] or the introduction into evidence relating to surveillance videos of Jeffrey Farshad."[7] Mr. Farshad asserts the videos, "depicting [his] movements, activities or general location," are inadmissible under Federal Rules of Evidence 401 and 403.[8] Mr. Farshad argues, under Rule 401, "there is no fact of consequence" the videos tend to prove because Mr. Farshad does not contest his ability to perform the captured activities, but instead he contests the amount of pain the actions bring him.[9] Relatedly, he argues the videos cannot be used for impeachment purposes because he "has already admitted to being able to perform the activities" shown in the videos.[10] Furthermore, citing Louisiana case law, Mr. Farshad contends the videos must be excluded as unfairly prejudicial because they cannot accurately depict Mr. Farshad's pain or mental state, only physical activities.[11] Additionally, Mr. Farshad asserts the videos would confuse the issues, mislead the jury, cause undue delay, and waste the Court's time.[12]

Progressive advances three general responses.[13] First, Progressive argues the tapes are relevant as substantive evidence of the true "severity" of Mr. Farshad's pain.[14] Progressive

---

[6] *See id.*
[7] R. Doc. 30 at 1.
[8] R. Doc. 30-1 at 1-2.
[9] R. Doc. 30-1 at 7-8.
[10] *Id.* at 9.
[11] *Id.* at 9.
[12] *Id.* at 2.
[13] R. Doc. 40.
[14] *Id.* at 4.

contends "the severity of [a plaintiff's] pain and the extent to which [a plaintiff] has lost enjoyment of normal activity are among the key issues a jury must decide in calculating [a plaintiff's] damages."[15] Progressive asserts the videos depict Mr. Farshad in fine condition, which is allegedly contradictory to Mr. Farshad's claims. Second, and relatedly, Progressive contends the videos are proper impeachment evidence because they "contradict Plaintiff's testimony regarding the extent of his pain and his physical capabilities."[16] Finally, Progressive argues the evidence is not unfairly prejudicial and Plaintiff has "ample time to prepare a response."[17]

## LAW & ANALYSIS

The Federal Rules of Evidence govern the admissibility of evidence in the courtroom. Under Rule 401, "evidence which is not relevant is not admissible."[18] Relevant evidence is information with "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[19] However, under Rule 403, relevant evidence may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[20] "The admission of surveillance tapes into evidence is largely within the discretion of the trial court."[21]

---

[15] *Id.* (citing *Chiasson v. Zapata Gulf Marine Corp.* 988 F. 2d 513, 517 (5th Cir. 1993)).
[16] *Id.* at 5.
[17] *Id.* at 6.
[18] Fed. R. Evid. 401, 402.
[19] Fed. R. Evid. 401.
[20] Fed. R. Evid. 403.
[21] *Quinn v. Wal-Mart Stores, Inc.*, 774 So. 2d 1093, 1097 (La. App. 2 Cir. 12/6/00) (citing *Olivier v. LeJeune*, 668 So. 2d 347 (La. 1996)).

[T]he trial court must consider whether the videotape accurately depicts what it purports to represent, whether it tends to establish a fact of the proponent's case, and whether it will aid or confuse the jury's understanding. Weighed against those factors, the trial court must consider whether the videotape will unfairly prejudice or mislead the jury, confuse the issues, or cause undue delay. The trial court may exclude the evidence if the factors favoring admission are substantially outweighed by the factors against it.[22]

After reviewing the parties' filings and the applicable law, the Court finds that ruling on the admission of Progressive's surveillance videos is not warranted at this time. Beyond general concerns of speculation, Mr. Farshad's request requires a fact-specific review best performed in the courtroom with the benefit of greater context.[23] The Court will reserve ruling on these matters and Mr. Farshad may re-raise his concerns at the appropriate time in trial. Accordingly, the motion is **DENIED**.

## <u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED** that the *Motion in Limine to Exclude Surveillance Videos of Jeffrey Farshad* is **DENIED**.

New Orleans, Louisiana this __22nd__ day of February, 2022.



_____
Hon. Greg Gerard Guidry
United States District Judge

---

[22] *Id*. (citing La. C.E. Arts. 401-403).
[23] For example, it is not yet clear how Progressive will use as evidence Mr. Farshad's recorded activities.