UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFERY FARSHAD** | | **CIVIL NO. 21-0934** |
| | * | |
| **v.** | | **SECTION: T(2)** |
| | * | |
| **PROGRESSIVE PALOVERDE** | | |
| **INSURANCE COMPANY** | * | |

## ORDER

Before the Court is Plaintiff Jeffrey Farshad's *Motion in Limine to Limit Testimony of Douglas Lurie, M.D.*[1] The Defendant Progressive Paloverde Insurance Company ("Progressive") filed a response.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Jeffrey Farshad was "rear-ended" in a car accident on October 31, 2018.[3] Due to the accident, Mr. Farshad allegedly "sustained injuries" ranging from "neck, back, [and] leg pain" to "cervical and lumbar injuries."[4] The other driver's liability coverage was insufficient to cover Mr. Farshad's damages, so he filed a claim under the "uninsured/underinsured motorist" policy with his insurer, Progressive Paloverde Insurance Company ("Progressive").[5] After a dispute over damages, Mr. Farshad sued Progressive in Civil District Court for the Parish of Orleans.

---

[1] R. Doc. 31.
[2] R. Doc. 38.
[3] R. Doc. 1-1 at 1-3; R. Doc. 31-1 at 1.
[4] R. Doc. 31-1 at 2.
[5] R. Doc. 1-1. at 1-3.

Progressive subsequently removed the case to this Court.[6] Now, the parties are at odds on several evidentiary matters.

In the present motion *in limine*, Mr. Farshad asks this Court to exclude testimony by Dr. Douglas Lurie, an orthopedic surgeon, "concerning plaintiff's injuries and causation" for two reasons.[7] First, Mr. Farshad contends Dr. Lurie's testimony should be limited because, in violation of Federal Rules of Evidence 703 and 403, he did not personally examine Mr. Farshad and he relies on inadmissible evidence in his report.[8] Second, Mr. Farshad argues Dr. Lurie's "flawed methodology" fails to pass the *Daubert* standard because he assessed the severity of Mr. Farshad's car accident, despite lacking an "engineer[ing]" degree, and he rendered an opinion "inconsistent with the facts and data he reviewed."[9] As evidence of his flawed methodology, Mr. Farshad points to Dr. Lurie's reliance on his own "mischaracterized" assessment that Mr. Farshad was untruthful about his medical history in an interaction between the two.[10]

In response, Progressive advances two arguments. First, Progressive argues Dr. Lurie's "observations regarding damage to Plaintiff's vehicle are admissible" because, under Rule 703, an expert may rely on data that other experts in the field would turn to, such as the car crash preceding a plaintiff's injuries in an auto accident case.[11] Second, Progressive asserts Dr. Lurie's assessment

---

[6] *See id*.
[7] R. Doc. 31-1 at 3.
[8] *Id.* at 5.
[9] *Id.* at 8-10.
[10] *Id.* at 8-10.
[11] R. Doc. 38 at 7.

2

of whether Mr. Farshad was truthful about his medical history is not a question of admissibility, but instead "precisely the type of dispute that should be resolved by the factfinder at trial."[12]

## LAW & ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill experience, training, or education, may testify in the form of opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[13] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[14]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[15] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[16] Accordingly, the court must examine the expert's methodology. Second, the court must determine whether the testimony will assist the trier of fact in understanding the evidence.[17] "A district court should refuse to allow an expert witness to testify

---

[12] *Id.* at 8.
[13] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).
[14] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[15] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[16] *Daubert*, 509 U.S. at 590.
[17] *Daubert*, 509 U.S. at 591.

if it finds that the witness is not qualified to testify in a particular field or on a given subject."[18] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[19] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[20] Further, "[v]igorous crossexamination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of questioning an expert's testimony.[21]

The question before the Court is whether the testimony of Dr. Lurie is both relevant and reliable under the standards set forth by Federal Rule of Civil Procedure 702 and *Daubert*. The Court finds, at this time, Mr. Farshad's arguments against Dr. Lurie unpersuasive for three reasons. First, it is well established that an expert witness may offer opinions that are not based on firsthand knowledge or observation.[22] Rule 703 expressly states that an expert may rely on facts or data he has "been made aware of *or* personally observed."[23] Second, the Court finds Dr. Lurie did not err in reviewing Mr. Farshad's car crash. An expert may examine, and even rely on, potentially inadmissible evidence or draw conclusions based on facts he has no expertise over. After all, if it is reasonable for an expert in a particular field to rely on certain inadmissible facts "in forming an opinion," those facts "need not be admissible for the opinion to be admitted."[24] Here, it was reasonable for an orthopedic surgeon discussing causation to examine and rely on the car crash

---

[18] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[19] *Huss*, 571 F.3d at 452.
[20] *Huss*, 571 F.3d at 452.
[21] *See Daubert,* 509 U.S. at 596.
[22] Daubert, 509 U.S. at 592.
[23] Fed. R. Evid. 703 (emphasis added).
[24] *Id.*

itself in an auto accident case. However, whether Dr. Lurie may testify to those matters is a separate issue.[25]

Third, under a *Daubert* assessment, it is not plainly clear that Dr. Lurie's methodology is flawed. Mr. Farshad has not put forth any allegations that Dr. Lurie's testimony or factual assumptions are unreliable or unacceptable in his field.[26] Instead, Mr. Farshad, examining the same facts that Dr. Lurie did, argues he relied on misleading statements and drew an erroneous conclusion. However, an expert's differing opinion, and his reliance on certain facts that form the basis of his opinion, is not necessarily a question of admissibility. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[27] Accordingly, examining Dr. Lurie's methodology under *Daubert*, the Court finds no reason to exclude his testimony at this time. Mr. Farshad may re-raise his concerns in the courtroom at the appropriate time. Consequently, the motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 22nd day of February, 2022.

                                                Hon. Greg Gerard Guidry
                                                United States District Judge

---

[25] *See id.*
[26] *See Bauman v. Centex Corp.*, 611 F.2d 1115, 1120 (5th Cir. 1980).
[27] *Scordill v. Louisville Ladder Group*, LLC, 2003 WL 22427981 at *3 (E.D. La. 10/24/03).