UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFERY FARSHAD**  CIVIL NO. 21-0934

**v.**  SECTION: T(2)

**PROGRESSIVE PALOVERDE
INSURANCE COMPANY**

## ORDER

Before the Court is Plaintiff Jeffrey Farshad's *Motion in Limine to Exclude or Limit Testimony of Stacie Nunez, MHS, CRC*.[1] The Defendant Progressive Paloverde Insurance Company ("Progressive") filed a response.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Jeffrey Farshad was "rear-ended" in a car accident on October 31, 2018.[3] Due to the accident, Mr. Farshad allegedly "sustained injuries" ranging from "neck, back, [and] leg pain" to "cervical and lumbar injuries."[4] The other driver's liability coverage was insufficient to cover Mr. Farshad's damages, so he filed a claim under the "uninsured/underinsured motorist" policy with his insurer, Progressive Paloverde Insurance Company ("Progressive").[5] After a dispute over damages, Mr. Farshad sued Progressive in Civil District Court for the Parish of Orleans.

---

[1] R. Doc. 33.
[2] R. Doc. 44.
[3] R. Doc. 1-1 at 1-3; R. Doc. 33-1 at 1-2.
[4] R. Doc. 33-1 at 1-2.
[5] R. Doc. 1-1. at 1-3.

Progressive subsequently removed the case to this Court.[6] Now, the parties are at odds on several evidentiary matters.

In the present motion *in limine*, Mr. Farshad asks this Court to exclude testimony by Stacie Nunez, MHS, CRC "concerning plaintiff's vocational rehabilitation and life care plan" for three reasons.[7] First, Mr. Farshad asserts that, because Ms. Nunez never personally examined Mr. Farshad, she cannot testify in this case.[8] Second, Mr. Farshad argues Ms. Nunez's opinions do not pass the *Daubert* standard because she did "not apply any scientific or recognized professional methodology regarding the matters she intends to address."[9] Mr. Farshad insists her opinions are invalid because her conclusions are "directly contrary to the conclusions reached by plaintiff's life care planner and vocational rehab expert," she relies on inadmissible evidence, and leans on unreliable statements made by Dr. Lurie, another defense expert.[10] Third, Mr. Farshad argues Ms. Nunez's testimony will be cumulative alongside Dr. Lurie's and Dr. Aaron Wolfson's testimony, Mr. Farshad's own life care expert.[11]

In response, Progressive advances two arguments. First, Progressive argues Ms. Nunez's lack of personal observation is not a "valid reason to exclude her testimony."[12] Progressive notes the "Plaintiff's own life care planner…did not physically examine" Mr. Farshad. Second,

---

[6] *See id*.
[7] R. Doc. 33-1 at 3.
[8] *Id*. at 4-8.
[9] *Id.* at 10.
[10] *Id.* at 10-11.
[11] *Id.* at 11.
[12] R. Doc. 44 at 2.

Progressive contends Ms. Nunez's testimony will not be cumulative as it will differ from Dr. Lurie's and Dr. Wolfson's as non-medical and contradictory, respectively.[13]

## LAW & ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill experience, training, or education, may testify in the form of opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[14] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[15]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[16] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[17] Therefore, the court must examine the expert's methodology. Second, the court must determine whether the testimony will assist the trier of fact in understanding the evidence.[18] "A district court should refuse to allow an expert witness to testify

---

[13] *Id.* at 2.
[14] Fed. R. Evid. 702*; see Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006).
[15] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[16] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[17] *Daubert*, 509 U.S. at 590.
[18] *Daubert*, 509 U.S. at 591.

if it finds that the witness is not qualified to testify in a particular field or on a given subject."[19] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[20] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[21] Further, "[v]igorous crossexamination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means" of questioning an expert's testimony.[22]

The question before the Court is whether the testimony of Ms. Nunez is both relevant and reliable under the standards set forth by Federal Rule of Civil Procedure 702 and *Daubert*. The Court finds, at this time, the argument made by Mr. Farshad unpersuasive for four reasons. First, it is well established that an expert witness may offer opinions that are not based on firsthand knowledge or observation.[23] Rule 703 expressly states that an expert may rely on facts or data she has "been made aware of *or* personally observed."[24] It appears Mr. Farshad's own life care expert, Dr. Wolfson, did not personally examine him either, but Mr. Farshad proffers him as an expert regardless. Second, it does not appear at this time that Ms. Nunez's testimony would be cumulative as she will address separate matters from Dr. Lurie and she will rebut Dr. Wolfson's testimony.

Third, the Court finds Ms. Nunez's use of Dr. Lurie's testimony and any inadmissible evidence reasonable. Ms. Nunez's reliance, as a life care expert discussing future financials, on

---

[19] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[20] *Huss*, 571 F.3d at 452.
[21] *Huss*, 571 F.3d at 452.
[22] *See Daubert,* 509 U.S. at 596.
[23] Daubert, 509 U.S. at 592; Fed. R. Evid. 702.
[24] Fed. R. Evid. 703 (emphasis added).

the opinion of a treating physician, Dr. Lurie, does not render her opinions or calculations defective. However, whether Ms. Nunez may testify to those matters is a separate issue.[25] Fourth, under a *Daubert* assessment, it is not plainly clear that Ms. Nunez's methodology is flawed. Mr. Farshad has not put forth any allegations that Ms. Nunez's testimony or factual assumptions are unacceptable in her field, or that her approach differs from Mr. Farshad's own life care expert's approach.[26] Instead, Mr. Farshad argues Ms. Nunez's testimony should be disallowed because it is "directly contrary to the conclusions reached by plaintiff's" own life care expert.[27] However, a differing opinion is not a question of admissibility. Instead, Mr. Farshad attacks the basis of Ms. Nunez's opinions. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[28] Mr. Farshad may re-raise his concerns regarding Ms. Nunez's testimony in the courtroom and at the appropriate time. However, currently, the Court finds Ms. Nunez's methodology sound. Accordingly, the motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 22nd day of February, 2022.

*[signature]*

Hon. Greg Gerard Guidry
United States District Judge

---

[25] *See id.*
[26] *See Bauman v. Centex Corp.*, 611 F.2d 1115, 1120 (5th Cir. 1980).
[27] R. Doc. 33-1 at 10.
[28] *Scordill v. Louisville Ladder Group*, LLC, 2003 WL 22427981 at *3 (E.D. La. 10/24/03).

5