UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEFFERY FARSHAD | | CIVIL NO. 21-0934 |
| | * | |
| v. | | SECTION: T(2) |
| | * | |
| PROGRESSIVE PALOVERDE | | |
| INSURANCE COMPANY | * | |

## ORDER

Before the Court is Defendant Progressive Paloverde Insurance Company's ("Progressive") *Motion for Partial Summary Judgment on Plaintiff's Alleged Past and Future Economic Damages.*[1] The Plaintiff Jeffrey Farshad filed a response.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Jeffrey Farshad was "rear-ended" in a car accident on October 31, 2018.[3] Due to the accident, Mr. Farshad allegedly "sustained injuries" ranging from "neck, back, [and] leg pain" to "cervical and lumbar injuries."[4] The other driver's liability coverage was insufficient to cover Mr. Farshad's damages, so he filed a claim under the "uninsured/underinsured motorist" policy with his insurer, Progressive Paloverde Insurance Company ("Progressive").[5] After a dispute over damages, Mr. Farshad sued Progressive in Civil District Court for the Parish of Orleans.

---

[1] R. Doc. 35.
[2] R. Doc. 41.
[3] R. Doc. 1-1 at 1-3; R. Doc. 41 at 1-2.
[4] R. Doc. 41 at 1-2.
[5] R. Doc. 1-1. at 1-3.

Progressive subsequently removed the case to this Court.[6] Now, the parties are at odds on several

evidentiary matters.

In the present motion, Progressive argues Mr. Farshad "cannot meet his burden of proof"

for his claims of "past loss of income or…future loss of income" for two reasons.[7] First,

Progressive contends Mr. Farshad has not "quantif[ied]" his lost income in any meaningful way

prior to now besides vague self-serving deposition testimony.[8] Second, Progressive asserts that,

because Mr. Farshad "has never produced any expert opinion calculating the amount of lost

income," there is "a total lack of evidence" beyond his own testimony to support the claims.[9]

In response, Mr. Farshad argues he has submitted evidence to defeat the summary judgment

motion on two grounds. First, Mr. Farshad argues he has lost over $23,000.00 based upon his

"competent and concrete testimony" that he hired a "project manager" and "house cleaners" to

perform the work he did prior to the car accident.[10] Second, Mr. Farshad contends he has submitted

a "concrete future loss of wages" exceeding $1,380,000.00 because of the "need to continue

employing a project manager" and other persons.[11] To support both contentions, Mr. Farshad

points to his deposition testimony, the testimony of his expert witnesses, and his tax returns.[12]

## LAW & ANALYSIS

---

[6] *See id*.
[7] R. Doc. 35-1 at 1-2.
[8] *Id.* at 2, 7-8.
[9] *Id.* at 2.
[10] R. Doc. 41 at 7.
[11] *Id.* at 9.
[12] *See id*; *see also* R. Doc. 1.

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[15] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[16] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[17] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[18]

Upon review of the parties' filings and the applicable law, the Court finds summary judgment inappropriate at this time. Mr. Farshad advances three pieces of evidence that indicate a genuine dispute over material facts: (1) his deposition testimony stating he has suffered a loss of income and earning potential; (2) expert testimony regarding possible future economic damages; and (3) his tax returns, which could evidence economic damages. With that evidence, and all factual allegations resolved in his favor, there appears to be a genuine dispute over whether Mr.

---

[13] Fed. R. Civ. P. 56(a).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[15] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).
[17] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[18] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).

Farshad has or will suffer economic losses and, if so, to what extent. It is not the place of this Court on summary judgment to "weigh" Mr. Farshad's proffered evidence or "mak[e] credibility determinations" regarding that evidence.[19] Instead, that is the role of the jury at trial. Accordingly, the motion is **DENIED**.

**<u>CONCLUSION</u>**

For the foregoing reasons, **IT IS ORDERED** that the motion is **DENIED**.

 New Orleans, Louisiana this 22nd day of February, 2022.

_____
Hon.Greg Gerard Guidry
United States District Judge

---

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).