UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFERY FARSHAD** | * | **CIVIL NO. 21-0934** |
| **v.** | * | **SECTION: T(2)** |
| | * | |
| **PROGRESSIVE PALOVERDE** | | |
| **INSURANCE COMPANY** | * | |

## ORDER

Before the Court is Defendant Progressive Paloverde Insurance Company's ("Progressive") *Motion in Limine to Limit Scope of Plaintiff's Claim for Lost Past and Future Income.*[1] Plaintiff Jeffrey Farshad filed a response.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Jeffrey Farshad was "rear-ended" in a car accident on October 31, 2018.[3] Due to the accident, Mr. Farshad allegedly "sustained injuries" ranging from "neck, back, [and] leg pain" to "cervical and lumbar injuries."[4] The other driver's liability coverage was insufficient to cover Mr. Farshad's damages, so he filed a claim under the "uninsured/underinsured motorist" policy with his insurer, Progressive Paloverde Insurance Company ("Progressive").[5] After a dispute over damages, Mr. Farshad sued Progressive in Civil District Court for the Parish of Orleans.

---

[1] R. Doc. 36.
[2] R. Doc. 42.
[3] R. Doc. 1-1 at 1-3; R. Doc. 42-1 at 1-2.
[4] R. Doc. 42-1 at 1-2.
[5] R. Doc. 1-1. at 1-3.

Progressive subsequently removed the case to this Court.[6] Now, the parties are at odds on several evidentiary matters.

In the present motion in *limine*, Progressive asks that "the scope of Plaintiff's claim for economic damages…be limited to that which was timely disclosed to Progressive."[7] Progressive argues that "prior to Plaintiff's second deposition on January 27, 2022," where Mr. Farshad stated he hired people to handle his business operations, Mr. Farshad "had produced no documents quantifying his claim for past loss of income, nor identified any witnesses who could support such a claim."[8] Instead, Mr. Farshad pointed only to his life care planner and economist who opined that Mr. Farshad would have to hire an assistant for a six month period following a future surgery.[9] Progressive asserts Mr. Farshad's disclosure at the second deposition "came four days before the close of discovery and months after the deadline for Plaintiff to disclose witnesses and exhibits."[10] Contending that Mr. Farshad's hired personnel were possible witnesses that had to be disclosed under Fed. R. Civ. P. 26(a)(1) and (a)(3), Progressive argues his non-disclosure was harmful and therefore should be excluded from trial under Fed. R. Civ. P. 37(c).[11] Progressive advances a similar argument for Mr. Farshad's alleged failure to compute his economic damages under Fed. R. Civ. P. 26(a)(1)(A)(iii).

---

[6] *See id*.
[7] R. Doc. 36 at 1.
[8] *Id*.
[9] *Id.* at 1-2.
[10] *Id.* at 2.
[11] *Id.* at 2, 5-6.

2

In response, Mr. Farshad presents two arguments.[12] First, Mr. Farshad argues he has lost over $23,000.00 based upon his "competent and concrete testimony" that he hired a "project manager" and "house cleaners" to perform duties he no longer can undertake.[13] Second, Mr. Farshad contends his "concrete future loss of wages" is $1,380,000.00 due to the "need to continue employing a project manager" and "house cleaners."[14] To support both contentions, Mr. Farshad points to his deposition testimony, the testimony of expert witnesses, and his tax returns.[15]

## LAW & ANALYSIS

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a "party must, without awaiting a discovery request, provide to the other parties…the name and, if known, the address and telephone number of each individual likely to have discoverable information…that the disclosing party may use to support its claims or defenses." "The failure to meet a court-ordered deadline" for witness disclosures "is no trifling matter."[16] Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)…the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." "Exclusion of the evidence is mandatory and automatic unless the party demonstrates" harmlessness.[17] Harmlessness is a four-factor analysis mirroring "good cause" where the Court examines: (1) the explanation, if any, for the party's failure; (2) the

---

[12] R. Doc. 42.
[13] *Id.* at 5. Mr. Farshad owns rental properties and allegedly cleaned the rentals himself prior to the accident.
[14] *Id.* at 7-8.
[15] *See id*; *see also* R. Doc. 1.
[16] *Red Dot Bldgs. v. Jacobs Tech., Inc.,* 2012 WL 2061904, at *3 (E.D. La. June 7, 2012).
[17] *Id.* (citing *Caskey v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996)).

prejudice to the opposing party by allowing the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence.[18]

Upon review of the parties' filings and the applicable law, the Court agrees with Progressive. Beyond general relevancy concerns, Mr. Farshad's failure to disclose the existence of a project manager, hired housekeepers, and their related expenses is "no trifling matter."[19] Mr. Farshad did not disclose witnesses likely to have discoverable information vital to his claim for economic damages until well beyond the deadline set by this Court. In not doing so, he violated Rule 26(a). As Progressive notes, "[t]hroughout [the] litigation, Plaintiff did nothing to alert Progressive that his claim for loss of income went beyond the scope supported by his experts' reports, despite Plaintiff having an obligation to do so under Fed. R. Civ. P. 26(a)(1)."[20] Mr. Farshad relied exclusively upon the opinions of his experts regarding hiring an assistant for six-months following a future surgery.

Accordingly, under Rule 37(c), Mr. Farshad will not be "allowed to use that information or witness[es] to supply evidence" regarding those claims at trial. To allow such evidence would be harmful and unjustified in violation Rule 37(c). Ultimately, Mr. Farshad offers no explanation for his untimely disclosures. Instead, Mr. Farshad simply posits, through case law, that claims for economic loss are allowed under Louisiana law.[21] That may be true, but it is not a reason to allow untimely evidence supporting such claims. Additionally, it would be greatly prejudicial to

---

[18] *See CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009); *see also Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).
[19] *Red Dot Bldgs.*, 2012 WL 2061904, at *3.
[20] R. Doc. 36-1 at 2.
[21] *See* R. Doc. 42.

Progressive to allow Mr. Farshad to promulgate such evidence on the eve of trial. Progressive has operated under the fair and reasonable assumption that Mr. Farshad would disclose witnesses or evidence supporting his claims in a timely fashion. To punish such reliance would be contrary to the Federal Rules of Civil Procedure, this Court's orders, and justice itself. Therefore, any evidence or testimony related to Mr. Farshad's economic damages will be limited to matters that were timely disclosed. Accordingly, the motion is **GRANTED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion is **GRANTED**.

New Orleans, Louisiana this 22nd day of February, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge